IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Calvin L. Gaddy, | C/A No. 8:20-cv-737-JFA-JDA |
| Plaintiff, | |
| vs. | **ORDER** |
| United States Federal Courts, | |
| Defendants. | |

## I.     Introduction

Calvin L. Gaddy ("Plaintiff"), a state prisoner proceeding pro se, brings this civil action alleging violations of his constitutional rights. After filing his Complaint, and supplements thereto, Plaintiff filed a motion requesting leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. (ECF No. 7). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.), the case was referred to a Magistrate Judge for review.

After reviewing the motion, the Magistrate Judge assigned to this action[1] prepared a thorough Report and Recommendation ("Report") and opines that Plaintiff's motion to proceed IFP should be denied. (ECF No. 10). The Report sets forth, in detail, the relevant facts and standards of law on this matter, and this Court incorporates those facts and

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.).  The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976).

1

standards without a recitation. Plaintiff filed objections[2] to the Report on April 6, 2020. (ECF No. 14). Thus, this matter is ripe for review.

## II.   STANDARD OF REVIEW

A district court is only required to conduct a *de novo* review of the specific portions of the Magistrate Judge's Report to which an objection is made. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); *Carniewski v. W. Virginia Bd. of Prob. & Parole*, 974 F.2d 1330 (4th Cir. 1992). In the absence of specific objections to portions of the Magistrate's Report, this Court is not required to give an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Thus, the Court must only review those portions of the Report to which Plaintiff has made a specific written objection. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009-JMC, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citing *One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). A specific objection to the Magistrate Judge's Report thus requires more than a reassertion of arguments from the complaint or a mere citation to legal authorities. *See Workman v. Perry*, No. 6:17-cv-00765-RBH, 2017 WL 4791150, at *1 (D.S.C. Oct. 23, 2017). A specific objection must "direct the court to a specific error

---

[2] The first page of Plaintiff's filing is labeled as a "motion for 59E." (ECF No. 15). However, because the Magistrate Judge's report is only a recommendation to the undersigned, it is not a final judgment that can be altered pursuant to Fed. R. Civ. P. 59(e). Accordingly, the entirety of this filing will be construed as objections to the Report.

2

in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

"Generally stated, nonspecific objections have the same effect as would a failure to object." *Staley v. Norton*, No. 9:07-0288-PMD, 2007 WL 821181, at *1 (D.S.C. Mar. 2, 2007) (citing *Howard v. Secretary of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991)). The Court reviews portions "not objected to—including those portions to which only 'general and conclusory' objections have been made—for *clear error*." *Id.* (citing *Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 200; *Orpiano*, 687 F.2d at 47) (emphasis added).

### III. DISCUSSION

Within the Report, the Magistrate Judge states that Plaintiff is barred from proceeding IFP due to the "three strikes" rule contained in 28 U.S.C. § 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The Magistrate Judge correctly concluded that Plaintiff has filed at least three prior lawsuits[3] which count as "strikes" under this provision.

---

[3] The Magistrate Judge also noted that Plaintiff has filed at least thirteen cases in this Court and several others not discussed herein also qualify as strikes under the PLRA.

1. *Gaddy v. U.S. District Court Columbia*, No. 0:18-cv-1445, ECF No. 15 (D.S.C. July 9, 2018) (strike because case dismissed as frivolous), *aff'd*, 745 F. App'x 507 (4th Cir. 2018);

2. *Gaddy v. State of South Carolina*, No. 0:16-cv-1335, ECF No. 20 (D.S.C. Aug. 9, 2016) (strike because case dismissed as frivolous);

3. *Gaddy v. S.C. Dep't of Corr. Office of Gen. Counsel*, No. 8:15-cv-2772, ECF No. 25 (D.S.C. Feb. 11, 2016) (strike because case dismissed as frivolous), *aff'd*, 667 F. App'x 798 (4th Cir. 2016).

Accordingly, Plaintiff cannot proceed IFP unless his claim satisfies the exception for imminent physical harm provided by the three strikes rule. *See* 28 U.S.C. § 1915(g). The Magistrate Judge concluded that Plaintiff has failed to allege he is in any imminent danger.

In response to the Report, Plaintiff filed several pages of "objections." (ECF No. 14). However, Plaintiff's submission, much like his original complaint, is difficult to decipher as it contains a litany of disjointed statements peppered with citations to unrelated legal authorities and exhibits which have no bearing on the Magistrate Judge's recommendations. It also contains general conclusory allegations expressing dissatisfaction with the Report but provides no factual or legal argument which would constitute a specific objection. For instance, Plaintiff states "P.L.R.A. codified at 28 U.S.C. § 1915(g) is unconstital in circumstances of case 8-20-cv-00737." (ECF No. 14 p. 1)(typed as it appears in the original). These statements fail to constitute a specific objection or otherwise point to an error in the Report.

Additionally, it appears Plaintiff attempts to invoke the imminent danger exception as he states he has "presented circumstantial prima facie facts of substantially of cognizable

4

claim demonstation he's under imminent danger of continuously serious damages of physical injury." (ECF No. 14-1, p. 1)(typed as it appears in the original). However, Plaintiff fails to allege any facts or otherwise show any imminent danger which would warrant an exception to 28 U.S.C. § 1915(g). An "inmate must make 'specific fact allegations of ongoing serious injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Johnson v. Warner*, 200 F. App'x 270, 272 (4th Cir. 2006) (quoting *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003)). Again, these statements fail to show any error in the Report.

Accordingly, Plaintiff's motion to proceed IFP must be denied. Plaintiff may still pursue the claims in his Complaint however if he pays the full filing fee.[4] If Plaintiff does timely pay the full filing fee, his Complaint will then be subject to review by the Magistrate Judge to determine if service of process should be authorized. *See* 28 U.S.C. § 1915A.

### IV.     Conclusion

After carefully reviewing the applicable laws, the record in this case, the Report, and the objections thereto, this Court finds the Magistrate Judge's recommendation fairly and accurately summarizes the facts and applies the correct principles of law. Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation and it is incorporated herein by reference. (ECF No. 10). Consequently, Plaintiff's motion to proceed IFP (ECF No. 7) is denied.

---

[4] Effective May 1, 2013, the filing fee for a non-habeas civil action is four hundred dollars ($400).

Plaintiff has twenty-one days from the date of this order to pay the filing fee of four hundred dollars ($400). If Plaintiff timely pays the fee, this action is to be sent back to the Magistrate Judge for further review. If Plaintiff fails to timely pay the fee, this Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g). The Clerk of Court is ordered to withhold judgment until the time for such payment expires.

IT IS SO ORDERED.

April 30, 2020                                              Joseph F. Anderson, Jr.
Columbia, South Carolina                                    United States District Judge